UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | ) ) ) | Civil Action No. 5: 20-372-DCR |
| Plaintiff, | ) ) | |
| V. | ) ) | **MEMORANDUM OPINION** |
| WELLS CONSTRUCTION, LLC, et al., | ) ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Previously, the Court directed the plaintiff to show cause why the claims asserted in this action against Defendants Wells Construction, LLC, Dana Little, Lee Little, or Carly Little should not be dismissed for failure to effectuate service within the time allowed by the Federal Rules of Civil Procedure.  [Record No. 12]  Specifically, Rule 4(*l*)(1) of the Federal Rules of Civil Procedure requires the proof of service be made to the Court.  If a defendant is not served within 90 days after filing of the Complaint, the Court must dismiss the action, without prejudice, unless the plaintiff shows good cause why it failed to serve a defendant.  Fed. R. Civ. P. 4(m).

Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") responded to the show cause Order with three separate filings: (1) a request for a sixty-day extension of time to serve Defendants Carly Little and Lee Little; (2) a response detailing the reasons for delay in submitting proof of service for Defendants Carly Little, Lee Little, and Wells Construction, LLC, and requesting additional time to serve all three defendants; and (3) a motion for leave to serve Defendants Carly Little and Lee Little by United States Marshal pursuant to Rule

4(c)(3) of the Federal Rules of Civil Procedure.  [Record Nos. 14, 15, 16]  It has also filed proof of service for Defendants Robert Little and Dana Little.  [Record Nos. 11, 13]

## I.

Atlantic Casualty filed its Complaint on September 2, 2020, and the Clerk of Court issued summons to all defendants on September 11, 2020.  [Record Nos. 1, 9]  It contends that it attempted to serve Defendants Carly Little, Lee Little, and Wells Construction, LLC, *via* certified mail on September 16, 2020.  [*See* Record Nos. 15, p. 2; 14-2, pp. 2, 4, 5.]  However, all three unserved summonses were returned: Lee Little's on November 4, 2020, and Carly Little and Wells Construction's on November 6, 2020.  [*See* Record Nos. 15, p. 2; 14-2, pp. 8–10.]  Counsel for Atlantic Casualty also asserts that she spoke to Paul Wells, owner and registered agent of Wells Construction, LLC, and informed him of this matter.  [Record No. 14-1, ¶ 3]

On December 4, 2020 (three days after Rule 4(m)'s time limit expired and twenty-eight days after all three summonses were returned to Plaintiff by the United States Postal Service) plaintiff's counsel "initiated investigation into perfecting service on" the unserved defendants. [Record No. 15, p. 2]  Counsel determined that a clerical error caused the wrong address to be used on the summons sent to Wells Construction, LLC, and it was reissued on December 14, 2020.  [*Id.*]  Counsel also determined that the addresses for Lee Little and Carly Little were correct, but "refrained from attempting further service . . . pending further orders of the Court." [*Id.* at 2–3]

## II.

Atlantic Casualty contends that an extension of time to effectuate service is appropriate. But before making this determination, Rule 4(m) requires a two-part analysis.  *See Stewart v.*

- 2 -

*Tenn. Valley Auth.*, 238 F.3d 424, 2000 U.S. App. LEXIS 29904, at \*2 (6th Cir. 2006) (unpublished table decision).  First, if the plaintiff demonstrates good cause for its failure to effect service, Rule 4(m) requires the Court to grant an appropriate extension.  *Id.*  Second, when good cause has not been shown, the Court may use its discretion to permit late service. *Id.*

### a.  Good Cause

The Court first considers whether Atlantic Casualty has demonstrated good cause for failing to timely effectuate service.  *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).  "To demonstrate good cause, a plaintiff must at least show excusable neglect." *Becker v. Wilkinson*, 2006 U.S. Dist. LEXIS 95826, at \*9 (S.D. Ohio Aug. 3, 2006).  This standard is strict, and "met only in extraordinary cases."  *Charles v. Lee Cty.*, 2020 U.S. Dist. LEXIS 67859, at \*4 (E.D. Ky. Apr. 17, 2020) (citing *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)).  As Plaintiff notes, the Court balances five factors in determining whether a party has shown excusable neglect:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

On balance, the factors weigh against a finding of excusable neglect.  Atlantic Casualty argues that it has acted in good faith in attempting to effectuate service.  [Record No. 14, pp. 5–6]  It is correct that it attempted service soon after entry of the Amended Complaint; however, it fails to offer explanation for the current delay.  For example, while it "did not

- 3 -

receive the unserved materials until over one month after the same was initially sent," [*Id.* at 6], Plaintiff does not explain why it waited until after Rule 4's deadline had passed to investigate the issue. The four weeks between the return of the unserved summonses and its attempt to remedy the issue were squarely within the reasonable control of the plaintiff, and it has not demonstrated good faith in failing to investigate the issues with completing service. Accordingly, Atlantic Casualty has not shown good cause.

### b. Discretionary Factors

the Court next considers whether an extension is appropriate for other reasons. Several factors may weigh in favor of granting an extension, "including (1) whether the claims would be barred by the statute of limitations if dismissed; (2) whether the defendant had notice so that he is not unfairly surprised by the suit; and (3) whether an extension would serve the 'overall policy in this Circuit of resolving disputes on their merits.'" *Burnett v. Martin*, 2007 U.S. Dist. LEXIS 53939, at *6–7 (E.D. Ky. July 24, 2007) (citing *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000)). The length of time requested and whether a plaintiff has made a good faith effort to timely serve process may also factor into this analysis. *Id.* (citing *Becker*, 2006 U.S. Dist. LEXIS 95826, at *10-11). But "this list is not exhaustive," and "these and other relevant factors will vary from case to case." *Turner v. Ky. Transp. Cabinet*, 2010 U.S. Dist. LEXIS 128557 (E.D. Ky. Dec. 3, 2010).

The second and third factors weigh in Atlantic Casualty's favor. The representative for unserved Defendant Wells Construction, LLC, has twice spoken by telephone with the plaintiff's counsel regarding this action, and Atlantic Casualty's counsel states that Wells has received (but not returned) the summons *via* certified mail. [Record No. 14-1] And Lee and Carly Little are parties to a related state court matter and relatives of the other, properly served

defendants. [Record No. 14, p. 7] For all unserved defendants, the risk of unfair surprise is minimal. Additionally, allowing an extension would serve the goal of resolving disputes on the merits. Therefore, the Court will exercise its discretion to grant Atlantic Casualty's requested extension.

### III.

Atlantic Casualty does not express concern regarding completing service over Defendant Wells Construction., LLC. [Record No. 14-1, p. 2] However, in its motion for an extension, it argues that unserved defendants Lee Little and Carly Little "may have avoided or refused service." [Record No. 14, p. 6] Accordingly, it has requested that the Court order service of those defendants by the United States Marshal pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure.

This motion will be denied for the following reasons. First, Atlantic Casualty has not provided evidence that Lee Little and Carly Little are avoiding service. Second, the plaintiff has not stated that it has attempted another method of service. Rule 4(e) of the Federal Rules of Civil Procedure provides numerous methods to effectuate service, but Atlantic Casualty contends only that it sent a summons *via* certified mail, received an undelivered response, and made no further attempts to serve either defendant. [Record No. 15, 2–3] Therefore, it "has not set forth any good cause in support of [its] request," and the Court will decline to exercise this authority. *Dunlap v. Lew*, 2015 U.S. Dist. LEXIS 121394, at *3 (S.D. Ohio Sept. 11, 2015).

One final point is warranted. The United States Marshals Service has worked tirelessly to support to the federal judiciary during the COVID-19 pandemic. Accordingly, the Court will require more than an expression of concern that a defendant is avoiding service before

increasing its workload.  However, if Atlantic Casualty's further attempts at service are unsuccessful, and it can demonstrate with sufficient evidence that Lee Little and Carly Little are refusing or avoiding service, it may refile its motion.

**IV.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Plaintiff Atlantic Casualty Company's motion for an extension of time to effect service [Record No. 14] is **GRANTED**.  Plaintiff is given through and including **Monday February 1, 2021**, within which to serve the unserved defendants.

2.      The plaintiff's motion for leave to serve defendants by the United States Marshal [Record No. 16] is **DENIED**, without prejudice.

Dated:  January 6, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky